IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

IN RE:     Bridgett Webster                                 Chapter 13
            Debtor.                                       Case No: 14-30688

## OBJECTION TO CONFIRMATION OF THE MODIFIED PLAN

      COMES NOW Peavy's Finance, Inc., a Creditor in the above case, by and through counsel, and objects to confirmation of the Debtor's Amended Plan (Doc. 52-1) and as grounds would show unto the Court the following:

1.     The Creditor and Debtor previously agreed to a value of $2,500.00 prior to the first Plan being confirmed, as evidenced by the email from Attorney Josh Milam, attached hereto. Mr. Milam offered to pay $2,500.00 for the value, without reference to the non exempt equity. The Creditor accepted the same and withdrew the Objection to Confirmation. The case was confirmed with Peavy's being paid a value of $2,500.00 based on a recorded Judgment. Therefore, the agreement should not be set aside or subject to modification.

2.     The Creditor asserts the binding effect of the confirmation Order prevents the Plan from being amended, as the recently filed amended Plan applies to Peavy's Finance, Inc.

3.     The Creditor asserts the defense of laches, as it pertains to the claim of Peavy's Finance. Specifically, the last amended Plan was confirmed on September 5, 2014. The Debtor has waited over 5 months to assert that the Debtor meant to pay Peavy's the non exempt equity in a vehicle, as opposed to a value of $2,500.00. However, the Debtor has made no mention of this mistake, inadvertence, oversight, or anything else, in the 5 months that the Plan has been confirmed.

4.     One of the reasons the Debtor is modifying her Plan is because S & D Auto has a mechanic's lien on a 1999 Ford Expedition. However, the Debtor has more than one vehicle, and that vehicle appears to not be necessary for an effective reorganization. In addition, every plan thus far, including the recently filed Modified Plan (Doc. 52-1), the Debtor proposed to surrender the 1999 Ford Expedition. The fact the S & D Auto Sales has a lien on the vehicle should not matter. Further, the document entitled "Amended Motion to Modify Confirmed Chapter 13 Plan," states that one of the reasons the Debtor is modifying the Plan is pay the claim of S & D Auto, but in the Modified Plan itself, the Debtor proposes to surrender the 1999 Ford Expedition in which the lien of S & D Auto exist, and further, the Modified Plan does not propose to pay S & D any money, but instead lists the claim of S & D as being surrendered. Therefore, the Modified Plan ought to fail for two reasons, one of which is that the 1999 Ford Expedition proposed to be

surrender, in fact was confirmed originally as a surrendered vehicle, and the recently filed Amended Plan does not propose to pay any money to S & D Auto.

5. In the recently filed Modified Plan, the Debtor now has a direct payment she is making to Alabama Power Company in the amount of $51.38, which did not exist prior to the Modified Plan. Therefore the Debtor has obviously incurred a debt since she filed bankruptcy, without the permission of the Court or the Trustee. If the Debtor has an extra $51.38 which she can afford to pay Creditors, she ought to pay it to the Trustee so that she does not have to amend her Plan. In essence, the Debtor states she cannot afford to pay an extra $33.00 a month to the Trustee, but she is paying $51.38 to Alabama Power which she did not have in her budget when she first filed the case or when the case was first confirmed.

6. In summary, the only thing which has changed with respect to the Debtor's Modified Plan is the fact that she is reducing the collateral value for Peavy's Finance from $2,500.00 to $590.00 and incurred a direct payment to Alabama Power Company in the amount of $51.38, neither of which should be allowed or confirmed by this Court based on the facts and circumstances of the Debtor as those facts and circumstances currently exist.

7. The modified Plan is filed in bad faith.

WHEREFORE, the Creditor objects to confirmation of the Modified Plan for the above reasons as well as any other reason which may be brought out at an evidentiary hearing.

/s/ Richard C. Dean, Jr.
Richard C. Dean, Jr.
Attorney for the Creditor

OF COUNSEL:
415 S. McDonough Street
P.O. Box 1028
Montgomery, AL 36101-1028
(334) 264-2896
ame

CERTIFICATE OF SERVICE

      I hereby certify that I have served a copy of the forgoing upon the following interested parties electronically (CM/ECF) or by placing a copy of the same in the United States mail, postage prepaid and properly addressed, on the date that this document is filed in the above case:

| | | |
|---|---|---|
| Bridgett Webster | Joshua C. Milam, Esq. | Mr. Curtis C. Reding |
| 3065 Shenandoah Drive | 566 S. Perry Street | P.O. Box 173 |
| Montgomery, AL 36116 | Montgomery, AL 36104 | Montgomery, AL 36101 |

                                        /s/ Richard C. Dean, Jr.
                                        OF COUNSEL

**Richard Dean**

**From:** "Josh Milam" <JMilam@smclegal.com>
**To:** "R Dean" <rdean@mindspring.com>
**Sent:** Friday, August 22, 2014 6:08 PM
**Subject:** Webster (14-30688)

Richard,

Just wanted to let you know I amended Bridgett Webster's plan to pledge the net proceeds of her PI claim to creditors (line 14d). The evidentiary hearing and confirmation is set for Monday. I know we had not reached an agreement on the value of her vehicle, but I went ahead and increased the value of her vehicle to $2,500 on B and the plan (and amended B & C) in the event we can resolve this. I should be in by 8:00 on Monday to discuss. Thanks.

**Josh Milam**
Attorney at Law
Shinbaum & Campbell, P.C.
566 S. Perry Street
Montgomery, Alabama 36104
334-269-4440
jmilam@smclegal.com