## IN THE UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| In the Matter of: | ) | |
| | ) | **Case No. 14-30688** |
| Bridgett Webster, | ) | |
| | ) | **Chapter 13** |
| | ) | |
| Debtor | ) | |

### RESPONSE TO CREDITOR PEAVY'S FINANCE'S
### OBJECTION TO CONFIRMATION OF THE MODIFIED PLAN

COMES NOW Debtor, by and through attorney, and hereby responds to the creditor's, Peavy's Finance's, Objection to Confirmation of the Modified Plan as follows:

1. Debtor and Peavy's Finance ("Creditor") agreed to a value of $2,500.00 for the value of Debtor's retained vehicle, a 2004 Chevrolet Impala. As Debtor's counsel understood the agreement, $2,500.00 was not what would be paid to the Creditor but was the agreed value of Debtor's vehicle. It is apparent now there was not a meeting of the minds between Debtor and Creditor. While the email to Creditor's counsel did not reference the non-exempt equity being paid, Debtor's schedules always indicated Debtor's claim to an exemption in her vehicle, and the confirmed plan also shows Debtor's intent to pay the non-exempt equity in Debtor's vehicle to Creditor.

2. The Bankruptcy Code allows post-confirmation modification of a debtor's plan and reconsideration of claims after confirmation.

3. The Trustee informed Debtor her payment would need to increase to pay the claims as filed. This brought to the attention of Debtor's counsel the fact that Peavy's Finance's claim was set to pay the amount of the full value of Debtor's vehicle rather than the non-exempt value of Debtor's vehicle. Soon after learning of this mistake or inadvertence, Debtor's counsel filed the motion to modify the plan.

4. One of the reasons Debtor seeks modification of the plan is to "provide for" the claim of S & D Auto, not pay the claim of S & D Auto. That is, Debtor wanted to ensure that S & D Auto was made aware of Debtor's bankruptcy because the creditor held a mechanic's lien in the vehicle Debtor surrendered in her plan. Furthermore, Debtor has retained only one vehicle contrary to Creditor's assertion otherwise.

5. Creditor is incorrect that only the modified plan included a direct payment provision to Alabama Power Company. In the plan confirmed by the Court, Debtor proposed to make a direct payment to Alabama Power Company.

6. Debtor filed the motion to modify her plan in good faith

WHEREFORE, the premises considered, Debtor requests this Court overrule Peavy's Finance's objection to confirmation of Debtor's modified plan.

Respectfully submitted March 15, 2015.

/s/ Joshua C. Milam
Joshua C. Milam ASB-3046-T99U
*Attorney for Debtor*
Shinbaum Law Firm, P.C.
566 South Perry Street
P.O. Box 201
Montgomery, AL 36101
334-269-4440; Selma 334-872-4545

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the above foregoing objection on all parties listed below by CM/ECF or by mail on March 15, 2015.

Chapter 13 Trustee, Curtis C. Reding

Bankruptcy Administrator, Teresa Jacobs

Peavy's Finance
c/o Richard C. Dean, Jr.
P.O. Box 1028
Montgomery, AL 36101-1028

/s/ Joshua C. Milam
Joshua C. Milam ASB-3046-T99U
*Attorney for Debtor*
Shinbaum Law Firm, P.C.
566 South Perry Street
P O Box 201
Montgomery, AL 36101
334-269-4440; Selma 334-872-4545